# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1424V

| | |
|---|---|
| CRISTINE JOHNSON, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: May 15, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 2, 2021, Cristine Johnson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left-sided shoulder injury related to vaccine administration as the result of an influenza vaccine received on September 14, 2020. Petition, ECF No. 1. On March 11, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 49.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $26,988.33 (representing $26,280.10 in fees plus $708.23 in costs). Application for Fees and Costs ("Motion") filed March 22, 2024, ECF No. 53. Counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on March 25, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. ECF No. 54. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

**ATTORNEY FEES**

The hourly rates requested for all attorneys and paralegals through the end of 2023 are reasonable and consistent with prior determinations and shall therefore be adopted herein. The rates requested for 2024, however, require adjustment.

Attorney Svitak was previously awarded the rate of $410 per hour for time billed in 2024, less than what is being requested herein. *See Mire* v. *Sec'y of Health & Hum. Servs*., No. 20-1449, Slip Op, 63 (Fed. Cl. Spec. Mstr. April 4, 2024) and *Wagner* v. *Sec'y of Health & Hum. Servs*., No. 21-505, Slip Op, 49 (Fed. Cl. Spec. Mstr. April 4, 2024). I find no reason to deviate from such reasoned determination. Accordingly, I reduce Attorney Svitak's 2024 hourly rate to be consistent with the aforementioned decisions. This results in a reduction in the amount of fees to be awarded of **$44.50**.[3]

Additionally, Petitioner requests the hourly rate of $450 for 2024 work performed by attorney Elizabeth Hess. ECF No. 53-5 at 5. Attorney Hess was admitted to the Illinois Bar in 1991 (ECF No. 53-5 at 1), placing her in the rage of attorneys with 31+ years' experience based on the OSM Attorneys' Fees Schedules.[4] I incorporate by reference all of the explanatory notes contained in these rate schedules. However, Ms. Hess has acknowledged in her Affidavit that her Illinois license was inactive for approximately 19 years (from 2000 to 2019). *Id.* at 3. And Ms. Hess does not have significant experience in the Vaccine Program, as she was recently admitted to the Court of Federal Claims as of July 15, 2023. *Id. at 2.*

Given these relevant factors, it would be improper for Ms. Hess to receive rates established for comparably-experienced counsel who also have lengthy experience in the Program. See *McCulloch* v. *Sec'y of Health and Hum. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). **Rather, I find it reasonable to award Ms. Hess the rate of $425 for her time billed in the 2023-24 timeframe**, since this takes into account both her overall experience but also her more limited Vaccine Act practice.

---

[3] This amount consists of: ($415 - $410 = $5 x 8.90 hrs.) = $44.50

[4] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: http://www.cofc.uscourts.gov/node/2914.

However, Ms. Hess did not submit any billing entries at the higher-listed rate of $450. Thus, no further reduction in the amount of fees is warranted in the context of this fees decision (although counsel should adhere to its findings in future fees requests motions). Ms. Hess will be entitled to rate increases in the future, however, as she demonstrates more experience in the Vaccine Program.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 53-4. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$26,943.83 (representing $26,235.60 in fees plus $708.23 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. Per Petitioner's request the check is to be made payable to Shannon Law Group, P.C.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.